IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL J. QUILLING, as § | | |
| RECEIVER for AMERICAN REALTY § | | |
| TRUST, INC. and DYNEX § | | |
| COMMERCIAL, INC., a/k/a DCI § | | |
| COMMERCIAL INC., § | | |
| § | | |
| Plaintiff, § | | Civil Action No. 3:18-CV-1618-K |
| § | | |
| v. § | | |
| § | | |
| DYNEX CAPITAL, INC., § | | |
| § | | |
| Defendant. § | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion to Remand and Brief in Support (the "Motion") (Doc. No. 9). The Court has considered the Motion, response, reply, record, and applicable law. Because Defendant Dynex Capital, Inc.'s removal was improper under 28 U.S.C. § 1441(a) (2012), the Court **GRANTS** the Motion.

I. Background

This case has its origins in litigation that began twenty years ago in state court in Dallas County. American Realty Trust, Inc. ("ART") and two other entities sued Dynex Commerical, Inc. ("DCI") and Dynex Capital, Inc. ("Dynex") for breach of a loan agreement. In 2004, the jury rendered a verdict and found DCI, but not Dynex, liable. The state trial court subsequently granted Dynex and DCI's post-verdict motions

1

and entered a take-nothing judgment. Appeals that eventually reached the Supreme Court of Texas followed, and in July 2015, the state trial court entered judgment against DCI (but not Dynex).

In December 2015, Magistrate Judge Paul D. Stickney of the United States District Court for the Northern District of Texas entered an order appointing Michael J. Quilling (the "Receiver") as the receiver for ART's interest in its judgment against DCI. The Receiver obtained a turnover order in the state-court litigation, and the state court granted the Receiver rights over DCI's non-exempt property. In the Receiver's efforts to recover property to satisfy the state-court judgment, the Receiver discovered an agreement between DCI and Dynex concerning the allocation of the state-court judgment against DCI (the "Litigation Cost Sharing Agreement"). The Litigation Cost Sharing Agreement states that, absent any other agreement, Dynex would be responsible for 20% of the judgment against DCI.

The Receiver demanded payment from Dynex for 20% of the state-court judgment. A week after this demand, Dynex filed an action in the United States District Court for the Eastern District of Virginia seeking declaratory judgment that it had no obligation under the Litigation Cost Sharing Agreement. A week after Dynex filed its action, the Receiver brought the instant action through a third-party petition in the same state-court litigation that began in 1999. Dynex, named as a third-party defendant, removed the case to this Court and moved for transfer to the United States

District Court for the Eastern District of Virginia a day later. The Receiver now moves this Court to remand the case back to the state court.

## II. Applicable Law

The Court's first duty is to examine its jurisdiction over the case. *See Geophysical Serv., Inc. v. TGS-NOPEC Geophysical Co.*, 850 F.3d 785, 790 (5th Cir. 2017) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). A motion to remand a case back to state court raises questions of jurisdiction that a court should analyze prior to other motions. *See Needbasedapps, LLC v. Robbins*, 926 F. Supp. 2d 919, 926–31 (W.D. Tex. 2013) (addressing a motion to remand prior to an argument regarding transfer based on first-to-file analysis); *First Sw. Vending & Food Serv. v. Solo Cup Co.*, Civil Action No. 3:07-CV-1936-D, 2008 WL 1757822, at *2, *5–*6 (N.D. Tex. Apr. 9, 2008) (Fitzwater, C.J.) (addressing the motion to remand before turning to the motion to transfer). *But see Huntsman Corp. v. Int'l Risk Ins. Co.*, Civ. Action No. 1:08-CV-029, 2008 WL 1836384, at *3 (E.D. Tex. Apr. 22, 2008) (holding that "under the circumstances of [that] case," where transfer would be to another district in Texas, the court could appropriately rule on the motion to transfer prior to the motion to remand).

A federal court has jurisdiction over a removed action if the court would have "original jurisdiction" over the action as pleaded in state court. 28 U.S.C. § 1441(a) (2012); *see Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) ("To determine whether jurisdiction is present for removal, we consider the

claims in the state court petition as they existed at the time of removal."). The defendant has the "burden to establish the existence of federal jurisdiction over the controversy." *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998); *see also Carnes v. Data Return, LLC*, No. Civ. A. 3:04-CV-2475-D, 2005 WL 265167, at *1 (N.D. Tex. Feb. 1, 2005) (Fitzwater, J.) (explaining that the defendant "has the burden of overcoming an initial presumption against jurisdiction and establishing that removal is proper"). "Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot–Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)).

### III.    Analysis

"[D]istrict courts throughout the country have, in relative unison, determined that third-party defendants are not defendants within the meaning of § 1441(a) . . . ." *BJB Co. v. Comp Air Leroi*, 148 F. Supp. 2d 751, 752–53 (N.D. Tex. 2001) (Cummings, J.) (citing to numerous other district courts that came to the same conclusion). Under Fifth Circuit law, there are "limited bases for removal by third-party defendants." *Kirkland v. Tri-C Wood Prods., Inc.*, Civ. Action No. 7:16-cv-00062-O, 2016 WL 4385162, at *3 (N.D. Tex. July 25, 2016) (Ray, M.J.) (describing three narrow exceptions that might permit third-party removal). The three limited bases that might permit third-party removal are: (1) severance of the third-party petition prior to

4

removal; (2) removal under a former version of § 1441(c); and (3) removal by a counterdefendant in limited circumstances. *Id.*

Dynex does not argue that the two latter exceptions apply; however, Dynex's argument does relate to the first exception. Dynex argues that the Fifth Circuit's holding in *Central of Georgia Railway Co. v. Riegel Textile Corp.*, 426 F.2d 935 (5th Cir. 1970), provides the basis for Dynex's removal in this case. In *Central of Georgia Railway Co.*, the Fifth Circuit allowed a third-party defendant to remove an action after the state court severed the relevant third-party action. *Id.* at 938. The federal district court originally remanded the third-party action, but when the state court subsequently severed the third-party action from the main action, the third-party defendant successfully removed the third-party action. *Id.* at 937. The Fifth Circuit reasoned that in the context of a severed third-party action, a third-party defendant was "as much a 'defendant' as if an original action had been brought against him." *Id.* at 938. Courts that have interpreted *Central of Georgia Railway Co.* have held that the exception laid out in that case was limited. *See BJB Co.*, 148 F. Supp. 2d at 753 ("The Court agrees that under the *limited circumstances* of [*Central of Georgia Railway Co.*], a third-party defendant has a right of removal." (emphasis added)); *see also Kirkland*, 2016 WL 4385162, at *2 (describing *Central of Georgia Railway Co.* as "a removal case in which the third-party petition was severed from the underlying case, thus creating a separate case in which the former third-party defendant became a defendant in its own right").

5

However, at least one district court in this Circuit has extended *Central of Georgia Railway Co.* to situations where the main claim was dismissed with prejudice because the original plaintiff and defendant settled. *Johns, Pendleton & Assocs. v. Miranda, Warwick & Milazzo*, No. CIV. A. 02–1486, 2002 WL 31001838, at *3 (E.D. La. Sept. 4, 2002) ("While the main demand in the instant case was not 'severed' from the third-party complaint, it was dismissed with prejudice upon payment of the claim by the third-party."). *But see ConocoPhillips Co. v. Turner Indus. Grp., L.L.C.*, No. Civ. A. G-05-516, 2006 WL 213956, at *1–*2 (S.D. Tex. Jan. 24, 2006) (refusing to extend *Central of Georgia Railway Co.* to a situation analogous to *Johns, Pendleton & Assocs.*).

Dynex fails to satisfy its burden to prove that removal is appropriate under the facts of this case. As discussed above, the general rule is that third-party defendants may not remove a case unless one of the limited exceptions applies. *Kirkland*, 2016 WL 4385162, at *3. The Court declines to extend the exception of *Central of Georgia Railway Co.* to this case.

"Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno*, 276 F.3d at 723; *see Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."); *ConocoPhillips Co.*, 2006 WL 213956, at *2 ("[T]he Supreme Court requires lower courts to construe the removal statute strictly. This mandate must also apply to the

6

Circuit's interpretation of the removal statute, by which this Court is bound."). Dynex fails to cite controlling case law that dictates that the third-party petition in this case is removable. To the extent the Court finds the reasoning of *Johns, Pendleton & Associates* instructive, the Court notes that the instant case is factually distinguishable. *Johns, Pendleton & Associates* involved a situation where the original plaintiff and defendant had settled, and their action was dismissed with prejudice. *Johns, Pendleton & Assocs.*, 2002 WL 31001838, at *3. The instant case involves a final judgment that has not been satisfied, and the state court that entered the final judgment is both the court that has been involved in the post-collection efforts and the court in which the third-party petition was filed. The Court acknowledges that much of the case law in this Circuit concerning removal by a third-party defendant involves actions in which the main claims were still pending. *See, e.g.*, *Avis Rent a Car Sys., Inc. v. Zea*, No. Civ. A. G-05-469, 2005 WL 2850248, at *1 (S.D. Tex. Oct. 31, 2005). This distinction in the procedural posture of the instant case does not negate the mandate that district courts strictly construe the removal statute in favor of remand. *See Manguno*, 276 F.3d at 723. Because the removal of the third-party petition in this case does not fall into one of the limited exceptions to the rule prohibiting removal by third-party defendants recognized in this Circuit, Dynex's removal is improper and this Court lacks subject-matter jurisdiction. *See Wachovia Bank, N.A. v. PICC Prop. & Cas. Co. Ltd.*, 328 F. App'x 946, 947–48 (5th Cir. 2009).

7

## IV. Conclusion

Because Dynex has failed to carry its burden that removal of the third-party action was proper in this case, the Court does not have jurisdiction over this removed case. Therefore, the Court **GRANTS** the Motion. The Court **REMANDS** this case to the 68th District Court of Dallas County, Texas.

**SO ORDERED.**

Signed January 29th, 2019.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE